HERMINIA MÁRQUEZ VDA. DE JESÚS y OTROS, demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS, demandados y recurrentes.

*Número:* R-77-381      *Resuelto:* 9 de enero de 1978

*Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de los recurrentes; *A. Burgos Mundo,* abogado de los recurridos.

### SENTENCIA

El tribunal de instancia declaró con lugar la reclamación de daños instada por los recurridos y, en consecuencia, condenó al recurrente a pagar una indemnización ascendente a $33,200.00. De las conclusiones de hecho formuladas por el tribunal de instancia se desprende que a) el accidente ocurrió a las 10:30 p.m. en la Ave. 65 de Infantería frente a la Tienda Barkers en el tramo que conduce de Río Piedras a Carolina; b) que el accidente ocurrió cuando el automóvil conducido por el causante de los recurridos impactó una valla de seguridad colocada por el Departamento de Obras Públicas, mientras se realizaban reparaciones en la isleta de dicha avenida; c) que dichas vallas estaban colocadas a lo largo del proyecto y a favor del tránsito, dentro del pavimento como a una altura de cuatro pies y en forma de baranda; d) que las vallas estaban hechas de madera y no estaban pintadas; e) que el tramo de la Avenida 65 de Infantería donde ocurrió el accidente es uno recto, de tres carriles de diez pies de ancho cada uno y estaba completamente seco; f) que a 100 y 200 metros antes de llegar a las obras de reparación se habían colocados rótulos anunciando "PELIGRO" y "EXCAVACION PROFUNDA", también se colocaron grillas encendidas y rótulos indicando que se estaba llevando a cabo una obra de reparación; g) que las medidas de precaución fueron

examinadas por el Ingeniero Jesús Isaac del Departamento de Obras Públicas y el Supervisor Manolín Nieves; h) que la noche del accidente las dos primeras grillas de las ocho encendidas estaban apagadas pero el sitio donde ocurrió el accidente estaba alumbrado.

El tribunal de instancia fundó la imposición de responsabilidad a los recurrentes en el hecho de que las vallas no estaban pintadas y que las dos primeras grillas estaban apagadas. Concedimos término a los recurridos para que mostraran causa por la cual no debía revocarse la sentencia o en su defecto distribuir la responsabilidad entre ambas partes. Hemos examinado los argumentos aducidos por los recurridos en oposición al auto y no nos convencen.

Las conclusiones de hecho anteriormente apuntadas demuestran que el Estado tomó las precauciones razonables para advertir a los transeúntes de las obras de reparación. Instaló rótulos a distancias adecuadas advirtiendo los riesgos. También instaló grillas que se encendían diariamente y se colocaron vallas a todo lo largo del proyecto fijadas con clavos de acero a cuatro pulgadas del borde del pavimento. El personal de supervisión del Departamento de Obras Públicas examinó la colocación de las vallas y de las medidas de precaución. La carretera era recta, bien alumbrada y con avisos de precaución y aunque las dos primeras grillas estaban apagadas, quedaban seis grillas encendidas. Imponerle responsabilidad al recurrente en estas circunstancias constituiría una imposición sin falta.

Se revoca la sentencia recurrida.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Rigau no intervino. El Juez Asociado Señor Irizarry Yunqué emitió voto separado al cual se une el Juez Asociado Señor Martín.

(*Fdo.*) *Ernesto L. Chiesa*
*Secretario*

—o—

Voto disidente del Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 9 de enero de 1978

Concurro en que el conductor del automóvil fue negligente y que su negligencia fue causa próxima del accidente en que perdió la vida. Pero creo que el Estado también incurrió en negligencia, aunque en menor grado que la del conductor.

Puerto Rico es uno de los países de mayor densidad en el mundo en cuanto al número de vehículos de motor que transitan por sus vías públicas. Toda obstrucción que en éstas se oponga al libre tránsito vehicular debe garantizar al máximo la seguridad de los que las utilizan. En el caso de autos hubo varias circunstancias demostrativas de que ese deber no se cumplía a cabalidad.

Las vallas no estaban pintadas, y las primeras dos grillas que debían advertir del peligro estaban apagadas. Ello implica que, como expone el Procurador General en su solicitud de revisión (pág. 3): "Angel de Jesús González [el conductor] vio las vallas al frente suyo. Trató de esquivarlas para evitar el choque, pero no consiguió hacerlo." Es decir, que cuando vino a advertirlas era tarde. Lo mismo sucedió a varios automovilistas que también chocaron contra dichas vallas antes y después del accidente que aquí nos ocupa, según informa el Procurador en la pág. 6 de su petición.

Reconocería un 40% de negligencia al Estado y en ese sentido modificaría la sentencia recurrida.